IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 3:16-cv-00488-HZ |
| Plaintiff(s), | OPINION & ORDER |
| v. | |
| ROYCHELLE BROWN, | |
| Defendant(s). | |

Roychelle Brown
4242 N.E. Halsey St. #617
Portland, OR 97213

    Defendant, *Pro Se*

HERNÁNDEZ, District Judge:

    This matter is before the Court on Defendant Roychelle Brown's Motion for Expungement. ECF 17. For the reasons that follow the Court DENIES Defendant's Motion.

## BACKGROUND

    On December 14, 2016, Defendant was charged with one count of Aggravated Identity Theft in violation of 18 U.S.C. § 1028A. Defendant pled guilty and on April 25, 2017, United States Senior District Court Judge Robert Jones sentenced Defendant to 24 months imprisonment and one year of probation.

1 – OPINION & ORDER

On June 21, 2023, Defendant filed a Motion for Expungement. The Court took the matter under advisement on July 5, 2023.

## DISCUSSION

Defendant requests the Court expunge or seal her conviction in order to permit her to "possibly . . . work in the law field." Def.'s Mot. at 1. Defendant makes her request on equitable grounds. Specifically, Defendant notes she committed the crime in 2010 but was "not pursued," instead she turned herself in to authorities. Defendant "tr[ied] to make things right with [her] victims" and asked her attorney if she could "mail off letters to [her] victims and ask them if [she] could do community service for them . . . to work off any financial hardship . . . but [she] was not allowed." *Id.* Defendant has not committed any further crimes and currently holds a job as a nursing assistant. Defendant asserts that her conviction makes it difficult for her to "further [her] career, get a loan to purchase a home, [or] obtain life insurance, [or] auto insurance." *Id.*

In *United States v. Sumner*, the Ninth Circuit concluded that federal courts lack jurisdiction under "the[ir] inherent power [and] under equitable principles" to expunge criminal records. 226 F.3d 1005, 1010 (9th Cir. 2000). The court noted it could not find "any statute in which Congress has empowered a district court to reopen a criminal case after its judgment has become final for the purpose of expunging a record of a valid arrest or conviction to enhance a defendant's employment opportunities." *Id.* at 1015. The court also concluded "a district court does not have ancillary jurisdiction in a criminal case to expunge an arrest or conviction record where the sole basis alleged by the defendant is that he or she seeks equitable relief." *Id. See also United States v. Thomas*, CR 05-962-056-TUC-CKJ, 2014 WL 12913268, *2 (D. Ariz. Jul. 30, 2014)("[D]ifficulty in obtaining employment is not sufficient to authorize the Court to order

expungement of [the defendant's] conviction."); *United States v. Goclanney*, CR-9100157001PCTDWL, 2022 WL 768142, at *1 (D. Ariz. Mar. 14, 2022)(same).

Defendant here does not point to nor can this Court find any statute that empowers the Court to reopen this matter to expunge the record of Defendant's valid conviction in order to enhance her employment opportunities. The Court, therefore, concludes it lacks jurisdiction to expunge Defendant's conviction.

For the same reasons the Court also concludes that it lacks jurisdiction to seal Defendant's conviction. *See United States v. Sitorus,* No. 2:03-CR-00253-DAD, 2023 WL 2842657, at *1 (E.D. Cal. Apr. 7, 2023)("[I]n cases such as this one where the validity of the conviction is not being challenged, . . . federal courts lack jurisdiction to expunge or seal criminal convictions on equitable grounds unless specifically provided for by statute or constitutional provision.")(collecting cases). The Court, therefore, denies Defendant's request to seal her conviction.

## CONCLUSION

The Court DENIES Defendant's Motion for Expungement. ECF 17.

IT IS SO ORDERED.

DATED: July 24, 2023.

_____
MARCO A. HERNÁNDEZ
United States District Judge

3 – OPINION & ORDER